Attorney Aaron N. Thompson
at@mrtlaw.net
ISBN #6235
May, Rammell, and Thompson, Chtd.
216 W. Whitman Street
Pocatello, ID 83204
Tel: 208-623-8021
Fax: 208-234-2961

Attorney Michael T. Hopkins
appearing *pro hac vice* (Lead Counsel)
mth@ip-lit.us
WI SBN: 1014792
IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202
Tel/Fax: 888-227-1655

appearing for Stellar Records, LLC,
Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Stellar Records, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Cyle Hawkins,<br><br>Defendant. | Case No:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

NOW COMES the Plaintiff, Stellar Records, LLC, by its attorneys, Aaron N. Thompson and Michael T. Hopkins, and as and for a cause of action against the Defendant, Cyle Hawkins, alleges and shows to the Court as follows:

## I. Jurisdiction and Venue

1. This claim is brought pursuant to 17 U.S.C. §501 *et. seq.* (hereinafter referred to as the U.S. Copyright Act).

2. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §§1331 and 1338, as this claim arises under the laws of the United States; i.e., the U.S. Copyright Act.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(1) and §1400(a), as the Defendant resides in this District.

## II. The Parties

4. The Plaintiff, Stellar Records, LLC (hereinafter "Stellar), is a Wisconsin limited liability company with its principal offices located in Milwaukee, Wisconsin.

5. The Defendant, Cyle Hawkins, is an adult individual residing in Idaho Falls, Idaho, who is employed, inter alia, through the illicit manufacture and sale of music and karaoke recordings, in violation of the U.S. Copyright Act.

## III. Facts

6. Karaoke is a form of interactive entertainment in which amateur singers sing along with recorded music. The music is typically a well-known popular song minus the lead vocal. Song lyrics are usually displayed on a video screen, along with a moving symbol or changing color to guide the singer.

7. KJs (Karaoke Jockeys) acquire collections of karaoke recordings of various musical genres and the audio and video equipment required to play/display karaoke formatted songs. The equipment is usually compact and portable so that the KJ can provide karaoke services at a variety of venues, such as bars, restaurants, parties and weddings, and is usually compensated on a per appearance basis. Obviously, the larger the collection of karaoke songs on a KJ's play list,

the greater the number of musical tastes which can be satisfied, and the more popular a KJ will be.

8. Plaintiff, Stellar Records, LLC (hereinafter "Stellar") has acquired all right title and interest to the copyrights in approximately 950 sound recordings originally produced, under license, by Stellar Records, Inc. (hereinafter "SRI"), as hereinafter described.

9. In 1995, SRI began producing and selling musical and sound-a-like recordings used in karaoke performances. SRI entered into voluntary and compulsory license agreements with the copyright owners of popular, newly released songs for the right to produce these new derivative works.

10. After licensing a particular song, SRI re-recorded the work using house musicians and singers. These sound-a-like recordings were then digitally paired with a graphics element in a single digital file. The graphics element of the digital file contained the applicable trademark for the karaoke product being manufactured, and the words of the song which had been rerecorded. A song's complete digital file (audio plus graphics) was burned to a compact disc in a special format known as CD+G ("compact disc plus graphics"), together with the files of other songs being released as part of the same collection. From 1995 until early 2014, SRI produced monthly collections of various genres (pop, urban, country, etc.) of newly released songs, totaling in excess of 7,000 different recordings during this nearly twenty year period.

11. Once produced, SRI's CD+G compact discs were then marketed and sold to retailers, KJs and the general public under the "Pop Hits Monthly," "Top Hits Monthly," and "Sing It Now" labels.

12. The Defendant is in the business of selling illicit copies of music and karaoke recordings originally produced and distributed by SRI, and other similar companies. Defendant does this, inter alia, through the sale of computer hard drives preloaded with the illicit copies of said works, which he advertises through various websites, and through the placement of ads on Craigslist®, such as the ad attached hereto as Exhibit A which Defendant posted on or about September 16, 2016.

13. On September 26, 2016, after reviewing the Craigslist® ad attached hereto as Exhibit A, a member of the undersigned's administrative staff, using the *nom de guerre* Wally Sprigens (hereinafter "WS"), contacted the Defendant via email, to inquire as to the contents of the hard drives being sold by Defendant.

14. After a series of email communications with Defendant, WS purchased a hard drive from Defendant containing copies of karaoke and other musical recordings. After completing said purchase, WS received a PayPal® email receipt, confirming said purchase. Attached hereto as Exhibit B is a true and correct copy of said PayPal® email receipt.

15. Attached hereto as Exhibit C is a true and correct copy of email correspondence between WS and Defendant between September 26 and October 17, 2016, concerning the sale and purchase of said hard drive.

16. Attached hereto as Exhibit D is a true and correct copy of a photograph of the box containing the hard drive purchased by WS from Defendant, described above.

17. Upon receipt of the package (Ex D) from Defendant, said package was placed, unopened, in a second larger box which was sealed and mailed to Setec Investigations, located in Los Angeles, California.

18. Upon receipt of the boxed package, Setec accessed the hard drive and conducted a forensic analysis of the contents thereof.

19. Attached hereto as Exhibit E is a true and correct copy of the contents, by file name, of the the "Pop Hits Monthly" and "Sing It Now"subfolder(s) located in the hard drive purchased by WS from Defendant, referenced above.

20. Attached hereto as Exhibit F is a list of three hundred eighty one (381) karaoke recordings contained on the hard drive purchased by WS from Defendant, for which Plaintiff owns the copyright.

21. Exhibit F also indicates the title of the work in which each karaoke recording was included ("Collection 3" through "Collection 9") when registered with the U.S. Copyright Office, and the Registration Certificate Number issued therefor.

22. Attached hereto as Exhibit G is a list showing the entire contents of each work ("Collection 3" through "Collection 9"), registered with the U.S. Copyright Office, as described above.

23. Attached hereto as Exhibit H are true and correct copies of the Registration Certificates issued by the U.S. Copyright Office for the karaoke recordings entitled "Collection 3" through "Collection 9."

24. To date Defendant has continued to sell and offer to sell, using computer hard drives and other means, illicit and counterfeit copies of Stellar's music and karaoke recordings.

25. Defendant has copied, sold and offered for sale illicit and counterfeit copies of Plaintiff's musical and karaoke recordings without Plaintiff's permission and without license, either express or implied, to do so.

26. Defendant’s conduct in copying, selling and offering for sale illicit and counterfeit copies of Plaintiff’s musical and karaoke recordings has been done willfully, and with full knowledge and understanding that his conduct constituted a direct and explicit infringement of Plaintiff’s copyrights in said works, in direct violation of the U.S. Copyright Act.

**IV. First Cause of Action - Copyright Infringement**

27. Plaintiff realleges and incorporates as if fully set forth herein, each and every allegation contained in paragraphs 1 through 26, supra.

28. Defendant has willfully infringed Stellar’s copyright in no fewer than three hundred eighty one (381) distinct works consisting of individual music and karaoke recordings, in violation of 17 U.S.C. §501(a).

**V. Second Cause of Action - Contributory Copyright Infringement**

29. Plaintiff realleges and incorporates as if fully set forth herein, each and every allegation contained in paragraphs 1 through 26, supra.

30. "[O]ne contributorily infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa Int 'l Service Ass 'n*, 494 F .3d 788, 795 (9th Cir. 2007); see also *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 995 (9th Cir. 2009); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir., 2003); and *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, Ltd., 545 U.S. 913, 930, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005).

31. By selling illicit copies of Stellar’s recordings to third parties, Defendant has willfully contributorily infringed Stellar’s copyright in no fewer than three hundred eighty one (381)

distinct works consisting of individual music and karaoke recordings, in violation of 17 U.S.C. §501(a).

## VI. Relief Sought

32. Plaintiff realleges and incorporates as if fully set forth herein, each and every allegation contained in paragraphs 1 through 31, supra.

33. Pursuant to 17 U.S.C. §504(b), Plaintiff is entitled, at its option, to recover its actual damages, and any profits of the Defendant attributable to the infringement which are not taken into account in computing Plaintiff's actual damages.

34. Pursuant to 17 U.S.C. §504(c), Plaintiff is entitled, at its option, to an award of statutory damages of not less than $750.00 nor more than $150,000, *per work infringed*, for a total award of statutory damages of not less than $285,750.00 or more than $57,150,000.00, for Defendant's acts of copyright infringement.

35. Pursuant to 17 U.S.C. §505, Plaintiff is also entitled to an award of its actual costs and attorney fees incurred in the prosecution of this action.

36. Pursuant to 17 U.S.C §503, Stellar is entitled to the seizure and the destruction of all offending computer files, packaging, advertising or other material or things, together with the means of producing and distributing same, such as all computers, disc drives, CDs, DVDs, burners and other like supplies and equipment.

37. Pursuant to 17 U.S.C §502, Stellar is entitled to the entry of a permanent injunction, enjoining Defendant, and all individuals and entities under his control or in privity with him, from further infringement of Plaintiff's copyrights.

WHEREFORE, Plaintiff, Stellar Records, Inc., hereby demands that judgment be entered in its favor and against Defendant, Cyle Hawkins, as follows:

a). For an accounting by Defendant of his activities in connection with the direct and contributory infringements of Plaintiffs' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to said infringement(s), with an award, at Plaintiff's option, of its actual damages and the Defendant's profits arising therefrom;

b). At Plaintiff's option, an award of statutory damages for Defendant's willful infringement of its works, described above, in an amount to be determined at trial of not less than $285,750.00, nor more than $57,150,000.00;

c). For an award of actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

d). For a permanent injunction barring Defendant, his agents, employees and/or servants, and any and all individuals or entities in privity with him, from infringing Plaintiff's copyrights in any manner whatsoever, including the advertising, marketing, and sale of infringing works and/or derivatives thereof;

e). For an order requiring Defendant to produce, for impounding during the pendency of this action and for destruction thereafter, all offending computer files, packaging, advertising or other material or things, together with the means of producing and distributing same, such as all computers, disc drives, CDs, DVDs, burners and other like supplies and equipment, which are in the possession of, or under the direct or indirect control of the Defendant; and

f). For the issuance of a civil seizure/impoundment order, directing the U.S. Marshall to seize and deliver to Stellar all offending computer files, packaging, advertising or other material

or things, together with the means of producing and distributing same, such as all computers, disc drives, CDs, DVDs, burners and other like supplies and equipment which may be in Defendant's possession, or under his direction and control.

g). For such other relief as the Court determines to be just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

/s/ Aaron N. Thompson .

Aaron N. Thompson
ISBN #6235

May, Rammell, and Thompson Chtd.
216 W. Whitman Street
Pocatello, ID 83204

Tel: 208-632-8021
Fax : 208-234-2961
Email at@mrtlaw.net

and

/s/ Michael T. Hopkins .

Michael T. Hopkins (LEAD COUNSEL)
appearing *pro hac vice*
WBN: 1014792
email: mth@ip-lit.us

IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202

Tel/Fax: (888) 227-1655

attorneys for Plaintiff