UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STELLAR RECORDS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CYLE HAWKINS,<br><br>Defendant. | Case No. 4:17-cv-00390-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it Plaintiff's Motion for Leave to Conduct Discovery (Dkt. 12). Stellar commenced this action on September 19, 2017, for Defendant's infringement of 381 of Stellar's copyrights in musical sound recordings. Defendant Cyle Hawkins was personally served with the summons and Complaint on October 1, 2017 (Dkt. 10). Hawkins never responded, and the Clerk of Court entered default on December 1, 2017.

Pursuant to §504 of the U.S. Copyright Act (17 U.S.C. §504), Stellar may elect, as damages for Hawkins' infringement of its copyrights, either its actual damages and Hawkins' additional profit arising from his acts of infringement (§504(a)(1) and (b)), or statutory damages (§504(a)(2) and (c)). In establishing an infringer's profits, a copyright owner is only required to present proof of an infringer's gross revenue arising from the infringing activity (17 U.S.C. §504(b)). Stellar's election of damages can be made at any time before "final judgment is rendered" (17 U.S.C. §504(c)(1)).

According to the Complaint, Stellar purchased a hard drive from Hawkins containing illicit copies of its sound recordings in September 2016 (Dkt.1, ¶14 and attached Ex. B). Stellar states that without conducting discovery, it cannot prove how long Hawkins has been engaged in the illicit activity, the amount of gross revenue generated therefrom, or whether other entities or individuals have assisted him. Therefore, Stellar requests leave to conduct discovery in this case prior to the entry of default judgment so it can identify any other individuals or entities who may have acted with Hawkins in infringing Stellar's copyrights, and in establishing the revenue generated by Hawkins from his illicit activities, so that Stellar may make an informed election of damages pursuant to 17 U.S.C. §504. Stellar anticipates having to: a) subpoena sales records from PayPal® and ebay®; b) subpoena email records from Hawkins' ISP; and c) conduct between 1 and 3 depositions, including Hawkins. Stellar requests 120 days to do the discovery. Hawkins has failed to respond to the Complaint or the motion. Under these circumstances, the Court will grant the motion.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to Conduct Discovery (Dkt. 12) is **GRANTED**.

   Stellar shall of 120 days from the date of this Order to conduct discovery.

DATED: January 4, 2018

B. Lynn Winmill
Chief Judge
United States District Court