UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STELLAR RECORDS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CYLE HAWKINS,<br><br>Defendant. | Case No. 4:17-cv-00390-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it Plaintiff's Motion for Default Judgment and Supporting Memorandum of Law (Dkt. 17). Stellar commenced this action on September 19, 2017, for Defendant's infringement of 381 of Stellar's copyrights in musical sound recordings. Defendant Cyle Hawkins was personally served with the summons and Complaint on October 1, 2017 (Dkt. 10). Hawkins never responded, and the Clerk of Court entered default on December 1, 2017.

According to the Complaint, Stellar purchased a hard drive from Hawkins containing illicit copies of its sound recordings in September 2016 (Dkt.1, ¶14 and attached Ex. B). In an earlier motion for discovery, Stellar stated that without conducting discovery, it could not prove how long Hawkins has been engaged in the illicit activity, the amount of gross revenue generated therefrom, or whether other entities or individuals have assisted him. Therefore, Stellar requested leave to conduct discovery in this case prior to the entry of default judgment so it could identify any other individuals or entities

who may have acted with Hawkins in infringing Stellar's copyrights, and in establishing the revenue generated by Hawkins from his illicit activities, so that Stellar could make an informed election of damages pursuant to 17 U.S.C. §504. The Court granted the request for discovery (Dkt. 14). However, Hawkins failed to respond to the discovery requests, and Steller now seeks a default judgment.

Pursuant to §504 of the U.S. Copyright Act (17 U.S.C. §504), Stellar may elect, as damages for Hawkins' infringement of its copyrights, either its actual damages and Hawkins' additional profit arising from his acts of infringement (§504(a)(1) and (b)), or statutory damages (§504(a)(2) and (c)). In establishing an infringer's profits, a copyright owner is only required to present proof of an infringer's gross revenue arising from the infringing activity (17 U.S.C. §504(b)). Stellar's election of damages can be made at any time before "final judgment is rendered" (17 U.S.C. §504(c)(1)).

Statutory damages of "not less than $750 or more than $30,000 as the court considers just" are available to the prevailing copyright owner. 17 U.S.C. § 504(c)(1). Where infringement is willful, "the court in its discretion may increase the award of statutory damages to a [maximum of] $150,000." 17 U.S.C. § 504(c)(2).3 "Willfulness occurs where an infringer acts with knowledge that the [infringer's] conduct constitutes copyright infringement." *Unicolors, Inc. v. Kohl's Dep't Stores, Inc.,* 2017 WL 2719983, *3, C.D. Cal. 2017) (citing *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012). "A court may infer willfulness from a defendant's failure to

defend." *Id.* Courts generally consider the following factors to determine the amount of statutory damages:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether [the] defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Id.* (citing *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 926, 928 (N.D. Cal. 2009).

Here, the Court infers willfulness from Hawkins failure to defend. Further, the Court finds that the seven factors warrant a large award of statutory damages because Hawkins has rebutted none of them. Most notably, the Court takes issue with Hawkins complete failure to cooperate in providing any records from which to assess the value of the infringement, and Hawkins must be discouraged from such infringement.

Steller produced evidence of lost profits in the amount of $58,978.00. This is based upon the following information: Steller's profit on the sale of each karaoke recordings was $1.80 (Viveiros's Declaration, ¶16). Each of the 86 hard drives sold by Hawkins contained copies of 381 separate recordings for which Steller owns the copyright, totaling 32,766 separate sales (acts of infringement) of Steller's works by Hawkins. Thus, Steller's actual damages are computed by considering 32,766 separate sales by Hawkins, multiplied by profit per sale of $1.80, for total lost profits of $58,978.00 (Hopkins's Declaration, ¶8).

But as allowed by statute, Steller asks for statutory damages instead of lost profits. Specifically, Steller asks for $5,000.00 per work infringed, noting that it equals only 17% of the statutory damages available for non-willful infringement, and only 3.3% of the maximum allowable for willful infringement. In total, Steller requests $1,905,000.00.

Although the Court understands Steller's frustration in this matter, the Court finds Steller's request grossly excessive. Section 504(c) specifically states that an award of statutory damages for all infringements involved in an action, with respect to any one work, may not be less than $750 or more than $30,000 "as the court considers just." 17 U.S.C. § 504(c)(1). And where the infringement was willful, the Court "in its discretion" may increase the award to not more than $150,000. 17 U.S.C. § 504(c)(2). Here, given the nature of the infringement, and the evidence of Steller's lost profits, the Court finds that the just result is $750 per infringement (381), totaling $285,750.00. This is almost five times Steller's lost profits and is more than sufficient to compensate Steller and discourage Hawkins from further infringement.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Default Judgment and Supporting Memorandum of Law (Dkt. 17) is **GRANTED**. Hawkins is ordered to pay Steller $285,750.00 in damages.

2. Plaintiff's Motion to Compel (Dkt. 15) is **DEEMED MOOT** based upon Plaintiff's statement in the motion for default judgment that the request is being withdrawn.

DATED: October 31, 2018

B. Lynn Winmill
Chief U.S. District Court Judge